**Opinion issued July 9, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00252-CV

————————————

## IN RE EARNEST TAYLOR AND LISA TAYLOR D/B/A T & S ENTERPRISES, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relators, Earnest Taylor and Lisa Taylor, doing business as T & S Enterprises (the "Taylors"), have filed a petition for a writ of mandamus, "challenging and objecting" to consideration of a "summary judgment and declaratory judgment by

submission" in the underlying trial court proceeding.[1] We dismiss the petition as moot.

In their petition, the Taylors requested relief to "prevent the summary judgment and declaratory judgment from becoming final." On April 9, 2019, the trial court signed a final declaratory judgment, granting "Intervenor Brazoria County's . . . and Defendants Alfredo and Lynn A. Cantu's . . . Motion for Summary Judgment-Declaratory Judgment."[2] "[C]ourts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). "A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings . . . ." *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). Because the trial court has considered the Motion for Summary Judgment—Declaratory Judgment and signed a final judgment, there no longer is a live controversy that would be resolved by the mandamus petition. *See In re Salverson*, No. 01-12-00384-CV, 2013 WL 557264, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2013, orig.

---

[1]   The underlying case is *Earnest Taylor and Lisa Taylor d/b/a T & S Enterprises v. Alfredo Cantu and Lynn A. Cantu*, cause number 81916-CV, in the 23rd District Court of Brazoria County, Texas, the Honorable Ben Hardin presiding.

[2]   We may take judicial notice of the Court's own records in a related proceeding involving the same parties. *See In re Chaumette*, 456 S.W.3d 299, 303 n.2 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The Taylors have filed a notice of appeal of the trial court's April 9, 2019 judgment. That appeal is pending in No. 01-19-00353-CV, *Earnest Taylor and Lisa Taylor d/b/a T & S Enterprises v. Alfredo Cantu and Lynn A. Cantu*. And a clerk's record has been filed in that appeal.

proceeding) (concluding signing of final judgment rendered mandamus petition moot). With exceptions not applicable here, we cannot decide a case that has become moot during the pendency of the litigation. *Heckman*, 369 S.W.3d at 162.

The Clerk of this Court notified the Taylors that the Court might dismiss their mandamus petition as moot unless they filed a response demonstrating that the Court has jurisdiction over the proceeding. *Cf.* TEX. R. APP. P. 42.3. The Taylors filed a response in which they contend that the trial court abused its discretion by signing a void temporary injunction order and refusing to consider a motion for new trial. *See generally Taylor v. Cantu*, No. 01-18-01027-CV, 2019 WL 2528202, at *3 (Tex. App.—Houston [1st Dist.] June 20, 2019, no pet. h.) (mem. op.) (dismissing Taylors' appeal of temporary injunction order as moot). The Taylors' response does not demonstrate that a live controversy remains regarding their petition and, thus, that we have jurisdiction over the proceeding.

Accordingly, we dismiss the petition for writ of mandamus and the Taylors' motion for emergency relief as moot.

**PER CURIAM**

Panel consists of Justices Lloyd, Landau, and Countiss.